

THE
BOYD
LAW
GROUP,
PLLC

Patrick J. Boyd | *Partner*
370 Lexington Avenue, Suite 1012
New York, NY 10017-6504
(212) 867-3675      (office)
(212) 867-5765   (facsimile)
pboyd@theboydlawgroup.com

May 17, 2016

**VIA ECF**
The Honorable William H. Pauley, III, U.S.D.J.
United States District Court for the
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Santiago v. Rivka, Inc. d/b/a Café Mogador, et al.*
      Case No. 15-cv-9184

Dear Judge Pauley,

We represent the Defendants in the above-referenced matter and respectfully write in response to Plaintiff's letter request for a stay of the pending motion for conditional collective certification.  Plaintiff's request, which is being made just three (3) days prior to this Court's deadline for Plaintiff to submit his reply, merely underscores Plaintiff's failure to adequately allege that he is "similarly situated" to the broad class of other employees that he seeks to have certified.  Plaintiff is attempting to turn this Circuit's two-step process and standard for collective certification on its head by seeking to halt the collective certification motion in order to gain access to additional discovery so that he might reshape and structure his allegations around whatever he may discover concerning other employees rather than what the actual named Plaintiff has alleged.

As this Court is well aware, a FLSA § 216(b) motion is normally to be determined based upon the pleadings and affidavits, prior to completion of or even before the commencement of discovery.  *See, e.g., Kassman v. KPMG LLP*, 2015 U.S. Dist. LEXIS 118542, at *8 (S.D.N.Y. Sept. 4, 2015) ("Most courts in this Circuit follow a two-step approach in FLSA collective actions. First, and typically before extensive discovery, the named plaintiffs move for conditional certification of the collective."); *Vargas v. HSBC Bank USA, N.A.*, 2012 U.S. Dist. LEXIS 113993, at *9 (S.D.N.Y. Aug. 9, 2012) ("At the first stage, which ordinarily takes place before extensive discovery, courts require plaintiffs to make a 'modest factual showing' that they and potential opt-in plaintiffs "together were victims of a common policy or plan that violated the law."); *Francis v. A&E Stores, Inc.*, 2008 U.S. Dist. LEXIS 49971, at *3 (S.D.N.Y. June 26, 2008) ("As a first step the court examines pleadings and affidavits, and if the court finds that proposed class members are similarly situated, the class is conditionally certified.").  Consistent with this standard and timing, Plaintiff filed his motion on April 15, 2016 which was fully opposed by Defendants on May 13, 2016.

Plaintiff has been aware of the United States Department of Labor ("DOL") investigation and settlement since February 11, 2016 and received Defendants' responses and objections to Plaintiff's discovery requests on March 14, 2016.  Plaintiff's letter motion seeking broad class discovery, which he now requests an expedited ruling on, was only made for the first time *after* he filed his collective certification motion and nine (9) days prior to the date his reply is due.  As the record makes clear, however, the problem Plaintiff now has is that his broad allegations of an unlawful scheme of the payroll practices he describes are undercut to a great extent by the DOL's actual findings and determinations which we referenced in our opposition to his motion.

Plaintiff has already received over 800 pages of payroll, time and other records relevant to his employment with Defendants.  In spite of this discovery, however, Plaintiff now recognizes, consistent with Defendants' opposition, that he has not met the "modest factual showing" necessary to demonstrate that other employees are similarly situated with regard to the violations he has alleged.  He therefore now seeks a "do over" to determine what other violations might have existed with regard to other employees so he can refashion and match his own allegations to those of others which is completely backwards from the recognized process for collective certification.

Most simply put, this is not a Rule 23 motion, but rather a first stage collective certification motion.  If Plaintiff is unable to sufficiently allege a common policy or practice with regard to the violations that he claims, then he should not have moved for collective certification, which, *inter alia*, necessitated this Court to order a briefing schedule and Defendants to incur the time and cost of opposing such a motion.[1]  He should certainly not now be able to interrupt and stall the process he initiated so he can change or re-fashion his allegations after obtaining more discovery beyond his single named Plaintiff.  Collective certification should be granted or denied on the basis of the pleadings and allegations submitted as it has been routinely in this and in other Circuits.

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's request to stay the pending motion and that the Court order further discovery only to the extent it certifies any collective class.  We thank the Court for its continued attention to this matter and welcome any further or other inquiry from the Court as to same.

Respectfully Submitted,

 /s/ Patrick J. Boyd
Patrick J. Boyd
THE BOYD LAW GROUP, PLLC
*Attorneys for Defendants*

---

[1] Defendants respectfully note that Plaintiff previously refused to consent to Defendants' two (2) week extension request which resulted in the Court's ordering of the present schedule.

2