USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/26/16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
RUFINO SANTIAGO, *individually and on* :
*behalf of those similarly situated*,
　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　Plaintiff,
　　　　　　　　　　　　　　　　　　　　　:　　15cv9184
　　　　-against-
　　　　　　　　　　　　　　　　　　　　　:　　MEMORANDUM & ORDER
RIVKA, INC. *et al.*,
　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
WILLIAM H. PAULEY III, District Judge:

　　　　　　Plaintiff Rufino Santiago brings this Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") action against the owners and operators of the "Café Mogador" restaurants where he worked as a food preparer. (Compl. at ¶ 23.) On April 15, 2016, Plaintiff moved to conditionally certify an FLSA collective action of "all non-exempt employees," including cooks, food preparers, dishwashers, waiters, and others. (Compl. at ¶ 12.) Thereafter, the parties sparred over the scope of discovery, clogging the Court with innumerable letters. (See ECF Nos. 35–50.) The sniping between counsel must stop.

　　　　　　Plaintiff's conditional certification motion is denied without prejudice to renewal on a "more developed factual record." See Tapia-Castrejon v. Sahara East Restaurant Corp., No. 14-cv-8080, 2015 WL 5022654, at *2 (S.D.N.Y. Aug. 18, 2015). Plaintiff avers only that he had conversations with persons, identified by first name only, which led him to suspect that co-workers performing other job functions were compensated "similarly" and "similarly given fake wage statements." (Santiago Aff., at 2–4.) Holding oral argument would not be productive because such vague statements do not satisfy the threshold for conditional certification of a collective action. See e.g., Tapia, at *2 (citing Mata v. Foodbridge LLC, No. 14-cv-8754, 2015

WL 3457293, at *3 (S.D.N.Y. June 1, 2015)).

Defendants' position—refusing to produce discovery about putative collective action members, then opposing certification because Plaintiff lacks that discovery—manufactures a Catch-22.  (See ECF No. 41, at 4, No. 42, at 8.)  Accordingly, Plaintiff's application to compel discovery is granted to the extent Defendants can "produce the unredacted copies of the same documents that they have already produced" showing time and payroll data for employees in the putative class Plaintiff alleges.  (ECF No. 49.)  Defendants need not respond to Interrogatory No. 1 or Document Request No. 24 until Plaintiff can show that such discovery is proportionate to the needs of this action.  Fed. R. Civ. P. 26(b)(1).  Plaintiff shall respond to Document Requests No. 1 and 6 regarding Plaintiff's compensation, but not Document Requests No. 5 and 23.

The Clerk of Court is directed to close the motions pending at ECF Nos. 31, 41, and 47 and cancel the June 2, 2016 oral argument.

Dated: May 26, 2016
       New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*All Counsel of Record via ECF.*

2