```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  Aug. 10, 2017
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
RUFINO SANTIAGO, on behalf of himself and
others similarly situated,

      Plaintiff,

   -v-

RIVKA, INC. d/b/a/ CAFÉ MOGADOR, CAFÉ
MOGADOR LLC d/b/a CAFÉ MOGADOR, GAL
OHAYON, JOSEF OHAYON and RIVKA
REBECCA ORLIN,

      Defendants.
---------------------------------------------------------------X

**ORDER**

15-CV-9184 (JLC)

**JAMES L. COTT, United States Magistrate Judge.**

  WHEREAS, the Court held a fairness hearing in this case on April 20, 2017 and approved the class action settlement and the FLSA settlement as well as the representative service award, subject to the parties providing the required notice under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715;

  WHEREAS, the Court reserved decision at the fairness hearing on plaintiff's motion for approval of attorneys' fees, and directed plaintiff's counsel to make a further submission by May 19, 2017 in support of the amount that is sought in the motion, or alternatively to advise the Court whether counsel would agree to an amount constituting 25% rather than 33.3% of the Settlement Fund,[1] as counsel did in Sakiko Fujiwara v. Sushi Yasuda Ltd., 58 F. Supp. 3d 424, 435-36 (S.D.N.Y. 2014);[2]

---

[1] By the Court's calculation, plaintiff's counsel would receive $118,750 (almost twice the lodestar) from the Settlement Fund if it had agreed to 25% rather than 33.3%.

[2] Notwithstanding counsel's concession, the Court in Sakiko Fujiwara concluded that 20% of the settlement fund in that case was a reasonable attorney's fee.

WHEREAS, plaintiff's counsel has since filed three letters with the Court (Dkt. Nos. 87, 88, and 89) in further support of the amount sought in the motion and requesting approval of various lodestar rates for attorneys and paralegals; and

WHEREAS, defendants have, since the fairness hearing, sent notice to federal and state authorities as required by the CAFA (Dkt. No. 87-1) and the 90-day CAFA notice period has now concluded;

**IT IS HEREBY ORDERED AND ADJUDGED AS FOLLOWS**:

1. On December 15, 2016, the Court appointed the Lee Litigation Group PLLC as Class Counsel because they met all of the requirements of Rule 23(g) of the Federal Rules of Civil Procedure. (Preliminary Approval Order ¶¶ 6-7) (Dkt. No. 67).

2. Class Counsel did substantial work identifying, investigating, prosecuting, and settling the Class Members' claims.

3. Class Counsel have significant experience prosecuting and settling wage and hour class actions, and are well-versed in both wage and hour and class action law.

4. The work that Class Counsel performed in litigating and settling this case demonstrates their commitment to the Class and to represent the Class's interests. To this end, Class Counsel committed substantial resources to prosecuting this case.

5. Class Counsel were able to use their considerable expertise in the type of claims asserted in this action to achieve an excellent result for the Class in a highly efficient manner without the need for extensive additional litigation.

6. The attorneys' fees requested in Plaintiff's Motion for Approval of Fees and Reimbursement of Expenses (Dkt. No. 79) were entirely contingent upon success in this

litigation. Class Counsel expended significant time and effort and advanced costs and expenses without any guarantee of compensation.

7. Accordingly, the Court grants Plaintiff's motion for attorneys' fees and reimbursement of expenses, and awards Class Counsel 33.3% of the total settlement amount, or $158,333.00 as attorneys' fees and $3,509.67 as expenses and costs to be paid from the Settlement Fund.

8. The Court finds that the amount of fees requested is fair and reasonable using the "percentage-of-fund" method, which is consistent with the "trend in this Circuit." See McDaniel v. Cty. of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010). Given all of the circumstances of this case, Class Counsel's request for 33.3% of the fund is reasonable and consistent with the norms of class litigation in this Circuit. In making this finding, the Court has considered the factors set forth in the Second Circuit's decision in Goldberger v. Integrated Res., Inc., 209 F.3d 43, 50 (2d Cir. 2000).

9. However, as the attorneys' fees are being approved based on a "percentage-of-fund" calculation, the Court will not approve the lodestar rates requested in this case and leave for another day whether such rates are reasonable. This Order, therefore, should not be cited in submissions to other courts to suggest that this Court has approved any particular hourly rate in this case. See Gonzalez v. Scalinatella, Inc., 112 F. Supp. 3d 5, 23-26 (S.D.N.Y. 2015).

10. This Order resolves docket number 79. The case is hereby dismissed with prejudice, and the Clerk is respectfully requested to close docket number 79 and to close this case.

**SO ORDERED.**

Dated: New York, New York
       August 10, 2017

_____
JAMES L. COTT
United States Magistrate Judge